A. P. WATERMAN, *Trustee*, v. PETER SMITH, LOUISA J. SMITH, AND THE WESTERN FARM MORTGAGE COMPANY.

### No. 293.

PRACTICE, COURTS OF APPEALS—*Special Findings Inconsistent and Unsupported by Evidence.* Special findings of fact by a jury, unsupported by the evidence, and inconsistent findings, where all such findings relate to matters material to the issues in the case, require a reversal of a judgment of the trial court approving the general verdict of the jury. (*A. T. & S. F. Rld. Co. v. Brown, Adm'r,* 33 Kan. 757, 7 Pac. 571.)

Error from Crawford district court; J. S. WEST, judge. Opinion filed September 22, 1898. Reversed.

*Reed & Reed,* for plaintiff in error.

*Humphrey & Hudson,* for defendants in error.

The opinion of the court was delivered by

MILTON, J.: This action was brought by A. P. Waterman, as trustee of the estate of W. B. Paddock, deceased, to foreclose a mortgage executed by Peter Smith and Louisa J. Smith, conveying certain real estate in Crawford county to secure a coupon note of $1100. The mortgage and note were made payable to W. J. Neill, who was a clerk employed by the Western Farm Mortgage Company, and in whose name mortgages were generally taken by the company.

The mortgage debt matured October 1, 1891, and shortly after that date Peter Smith sent a draft to the Western Farm Mortgage Trust Company, of Denver, Colo., the successor of the Western Farm Mortgage Company, for a sum sufficient to pay the principal and the last semiannual interest coupon of the mortgage note. By their terms, the note and its coupons were payable at the Third National Bank, in New York. Interest payments had always been remitted by the mortgagors to the Western Farm Mortgage Company or to its successors, in response to written notices that such payments would be expected and required. In like manner, the trust company demanded payment of the principal of the note at its Denver office, and the draft in payment thereof was actually received by the company a day or two before the maturity of the note. The plaintiff did not at any time part with the possession of the note and mortgage. The company failed to remit to Waterman the money received by it from Smith, but shortly after receiving the same paid the amount of the last interest coupon to an attorney in Denver, to whom Waterman had sent the coupon for collection.

The practice of the company was to pay interest

30—8 KAN. APP.

coupons at the Third National Bank, in New York, and all the coupons of the Peter Smith mortgage had been there paid. A jury trial was had, resulting in a verdict for the defendant. The plaintiff's motion for a new trial was overruled and judgment for costs was rendered against him. The jury returned a large number of special findings, from which we quote the following :

"29. After the plaintiff purchased the bond and mortgage sued upon, did he ever authorize the Western Farm Mortgage Trust Company to receive payment of the note and mortgage sued on? A. Yes.

"30. If you answer the next preceding question in the affirmative, then state when said authority was given, and whether said authority was given in writing and in what way given. A. From organization of company, in writing."

"64. When the defendants paid said note did they suppose that the Western Farm Mortgage Trust Company was the owner thereof? A. Yes.

"65. When defendants paid said money to said company at Denver, did they know or believe that the Western Farm Mortgage Trust Company was acting as agent for any one? A. Yes.

"66. If you answer the next preceding question in the affirmative, then state who said defendants supposed said company was acting as agent for. A. Waterman."

"73. Was it not, up to September, 1891, the custom of the Western Farm Mortgage Company and the Western Farm Mortgage Trust Company to pay the principal and interest of maturing bonds and coupons, regardless of whether the borrower had forwarded this money or not? A Yes.

"74. When did Waterman first learn that Peter Smith had made any payments of interest or principal to the Western Farm Mortgage Trust Company? A. February, 1891."

Findings Nos. 29 and 30 were material to the is-

sues in the case. They were entirely unsupported by the evidence. Finding No. 64 is in accordance with the evidence, while finding No. 65 has nothing in the record to sustain it. These two findings are inconsistent with each other. Findings Nos. 73 and 74 are based on the evidence, and are inconsistent with findings Nos. 29 and 30. We think it is clear that the jury either misconceived the import of certain portions of the evidence, or else did not give proper consideration to the matter of answering the special questions. The case falls within the doctrine of *A. T. & S. F. Rld. Co. v. Brown, Adm'r*, 33 Kan. 757, 7 Pac. 571, wherein the syllabus reads :

"Where important and material special findings of the jury are without any support in the evidence, and where other findings are contrary to the evidence, and still other findings evasive and inconsistent, and it appears from such findings that the jury either misconceived the import of portions of the testimony, or else did not make fair and impartial answers to the questions of fact submitted, the general verdict cannot stand, although it has been approved by the trial court."

It is unnecessary to consider other alleged errors. The judgment of the district court will be reversed. and the cause remanded for a new trial.